# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:17-cv-04684-SVW-JEM | Date | August 23, 2017 |
|---|---|---|---|
| Title | *Andre Aghayani et al v. Dial Industrial Sales, Inc. et al* | | |

Present: The Honorable **STEPHEN V. WILSON, U.S. DISTRICT JUDGE**

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER DENYING MOTION TO REMAND [11]

Having read and considered the papers presented by the parties, the Court finds this matter suitable for determination without oral argument. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing scheduled for August 28, 2017 at 1:30 p.m. is VACATED and OFF CALENDAR. The Court DENIES Plaintiffs' Motion to Remand.

## I. Facts and Procedural Posture

Plaintiffs Andre Aghayani and Blandine Aghayani filed a personal injury products liability claim against multiple Defendants in Los Angeles Superior Court on June 30, 2016. Complaint, Dkt. 1, ¶ 1. The Complaint only stated that the action was an unlimited civil case in excess of $25,000. *Id.* at ¶ 4. Plaintiff served Defendant Telesteps, Inc. on January 5, 2017. On February 3, 2017, Defendant appeared in court and filed a motion to quash service, which was denied. Decl. of Vincent Bennett, Dkt. 11, Exhibit 1. On April 24, 2017, the Defendant filed an answer to the complaint. *Id.*

The initial case management conference occurred on June 14, 2017. *Id.* At that point in time, the court asked Plaintiff's counsel for an approximation of the damages sought. *Id.* Plaintiff's counsel responded that the values was over $1,000,000.00. *Id.* On June 26, 2017, Defendant Telestep ("Telestep") removed the action to federal court. Plaintiffs ask this Court to remand the case to state court.

## II. Discussion

:
Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-04684-SVW-JEM | Date | August 23, 2017 |
|---|---|---|---|
| Title | *Andre Aghayani et al v. Dial Industrial Sales, Inc. et al* | | |

"Removal must be effected "within thirty days after receipt by the defendant … of a copy of the initial pleading," or "[i]f the case stated by the initial pleading is not removable, … within thirty days after receipt by the defendant, through service or otherwise, a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). Defendant did not remove this case within thirty days of receiving the initial pleading. Therefore, Defendant can only remove based on the second half of the statute above.

The removal period commences when a defendant can first ascertain that diversity or a federal question exists. Under 28 U.S.C. § 1446(b)(3), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. Moreover, § 1446(c)(3)(A) provides, "If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." Indeed, most courts view the "other paper" language expansively. *See, e.g., Kuxhausen v. BMW Fin'l Services NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013); *Roth v. CHA Hollywood Medical Center, L.P.*, 720 F.3d 1121, 1124-26 (9th Cir. 2013).

The initial complaint Plaintiffs served Defendant with only stated that the action was an unlimited civil case in excess of $25,000. Complaint, Dkt. 1, at ¶ 4. Six months later, the Superior Court judge asked Plaintiffs about the approximation of damages at a Case Management Conference. Decl. of Vincent Bennett. Plaintiffs' counsel responded that the case was worth over $1,000,000.00. *Id.* That statement is what confirmed that the amount in controversy exceeded $75,000. Plaintiffs provide no other evidence that a sum above $75,000 had been previously provided to Defendant until the June 14 Case Management Conference. Therefore, the timing of Defendant's Notice of Removal is proper, having been brought within 30 days of receipt of information from which it may first be ascertained that this case is one which is removable, and within one year of the original filing of the complaint.

Plaintiffs claim that Defendant should have made some effort to perform discovery or proactively ascertain additional facts for removal. Motion for Removal, Dkt. 11 at 4. But a defendant has no duty to investigate to determine jurisdictional facts, even if the complaint contains "clues" to removability. *Kuxhausen* at 1140 (9th Cir. 2013); *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th

:  _____

Initials of Preparer

PMC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-04684-SVW-JEM | Date | August 23, 2017 |
|---|---|---|---|
| Title | *Andre Aghayani et al v. Dial Industrial Sales, Inc. et al* | | |

Cir. 2005) (explaining that if § 1446(b) were interpreted to require defendant to investigate the necessary jurisdictional facts, "defendants would be faced with an unreasonable and unrealistic burden to demonstrate removability within thirty days after receiving the initial pleading"). The Ninth Circuit made clear in *Kuxhausen* that the "'ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin.'" (*Kuxhausen* at 1139) (*quoting Harris* at 695); *see* 28 U.S.C. § 1446(b).

Plaintiffs' laches argument similarly fails because the Ninth Circuit has already ruled that "[i]t may be that in some diversity cases… [that] defendants may sometimes be able to delay filing a notice of removal until it is strategically advantageous to do so….[T]he advantage gained through such gamesmanship is limited by the fact that a notice of removal must be filed, in any event, within one year of the commencement of the action." *Roth v. CHA Hollywood Medical Center, L.P.* 720 F.3d 1121, 1126 (9th Cir. 2013).

For the reasons mentioned above, the Court DENIES Plaintiffs' Motion to Remand. Defendant removed the case in a timely manner and the Court retains jurisdiction over this action.